The People of the State of Illinois, Plaintiff in Error, v. Robert Ambrose and George Raymond (Impleaded), Defendants in Error.

Gen. No. 48,393.

First District, Third Division.

December 13, 1961.

Daniel P. Ward, State's Attorney of Cook County (John T. Gallagher and James R. Thompson, Assistant State's Attorneys, of counsel), for plaintiff in error.

Harry J. Busch, John P. Coghlan and Richard E. Gorman, all of Chicago, for defendants in error.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The Criminal Court of Cook County sustained a motion to quash counts 1, 2 and 5 of a five-count indictment. The case comes to us on a writ of error by the State to review the judgment as to counts 1 and 5. The judgment as to count 2 is not questioned.

In varied forms and under various statutes all five counts attempted to charge the defendants, who were police officers of the City of Chicago, with the intent to extort money from one Richard Morrison by maliciously threatening to either arrest and imprison him or to accuse him of the crime of burglary. The path pursued by the State following the motion to quash is interesting, although the reason for taking the path is obscure. The motion to quash was made and sustained well within the period of the statute of limitations. The quashed counts, which the State in oral argument in this court freely admitted were ambiguous, could have been redrafted and clarified and the defendants could have been reindicted. The State chose not to reindict. Counts 3 and 4 were not quashed. Count 3 charged the defendants with wilful and corrupt oppres-

401

sion; count 4 charged wilful malconduct. Conviction under either count would have called for mandatory removal from office and a substantial fine, the very same penalty possible under count 5, which also charged wilful and corrupt oppression. The State chose to enter a nolle prosequi in those good counts and to appeal the questionable counts.

■ Count 1, which has been appealed, was brought under section 240 of chapter 38, Ill Rev Stats 1959:

> "Whoever, either verbally or by written or printed communication maliciously threatens to accuse another of a crime or misdemeanor, or to expose or publish any of his infirmities or failings, with intent to extort money, goods, chattels or other valuable thing, or threatens to maim, wound, kill or murder, or to burn or destroy his house or other property, or to accuse another of a crime or misdemeanor, or expose or publish any of his infirmities or failings, though no money, goods, chattels or valuable thing be demanded, shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months."

The count is based upon the words, "Whoever . . . maliciously threatens to accuse another of a crime or misdemeanor, . . . with the intent to extort money. . . ." An essential element of this offense is the intent to extort. People v. Clark, 407 Ill 353, 95 NE2d 425.

Count 1 recites that the defendants, Robert Ambrose and George Raymond, did, on May 10, 1959:

> ". . . wilfully, unlawfully, verbally and maliciously threaten to accuse one Richard Morrison with the crime of burglary, to wit: the breaking and entering of a store, to-wit: a building in Chicago, Illinois, with the intent to commit larceny, with the intent to extort a large amount of money, to-wit:

one thousand, two hundred ($1,200.00) dollars, lawful money of the United States of America, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Reading this count gives one the immediate impression that the defendants threatened to accuse Richard Morrison of the burglary of a store with two purposes in his mind: (1) the intent to commit larceny and (2) the intent to extort $1,200. The intent to extort relates to Morrison not to the defendants. The charge against the defendants is limited to the allegation that they wilfully, unlawfully, verbally and maliciously threatened to accuse Morrison of burglary. The intent to extort can be related to the defendants only by keeping in mind (a) the statutory requirement that in order to commit this particular offense the intent to extort must accompany the threat and (b) by inferring that the words "with the intent to extort a large amount of money" must refer to the defendants because they have been indicted.

 It is not necessary that an indictment be technically accurate, that its language be grammatically correct, that its punctuation be precise or that it eliminate all possibility of misconstruction. People v. Richardson, 12 Ill2d 344, 145 NE2d 926; People v. Lloyd, 304 Ill 23, 136 NE 505. On the other hand, it has been held that the highest degree of certainty is required in an indictment and that a court, in construing an indictment, is not at liberty to depart from its language in order to speculate as to the possible intention of the writer, to aid the indictment by inferring what is meant or to supply matters of substance which have been omitted. People v. Fore, 384 Ill 455, 51 NE2d 548; People v. Strong, 363 Ill 602, 2 NE2d 942; People v. Powell, 353 Ill 582, 187 NE 419; People v. Hallberg, 259 Ill 502, 102 NE 1005. A defendant is

presumed to be innocent and to have no independent knowledge of the facts charged against him. He should not be required to go beyond the reading of his indictment to learn the crime of which he is accused. People v. Brown, 336 Ill 257, 168 NE 289; People v. Dolan, 21 Ill App2d 312, 157 NE2d 817. Count 1 is not merely ambiguous, as the State admits, it is so uncertain that without the aid of legal counsel the defendants would not know the charge they have to meet; without clarifying instructions the count could not be understood by a jury. It is fatally defective in that it does not charge the defendants with the intent to extort, the offense for which it was intended to indict them.

Count 5 repeats count 1 and adds a paragraph to the effect that the defendants are guilty of wilful and corrupt oppression. This alleges a different offense than does count 1 but the oppression which is alleged is founded on the same threat as in the first count and is in the same words. What has been said about count 1 applies with equal force to count 5.

Under the State's and the defendants' theory of this indictment and upon the issue joined by them, the trial judge ruled correctly in sustaining the motion to quash both these counts. However, while an indictment may not charge one offense it may charge another, and if the latter is sufficient the indictment will be sustained. As we have said, the charge against the defendants is limited to the allegation that they wilfully, unlawfully, verbally and maliciously threatened to accuse Morrison of burglary. What apparently has been overlooked by all parties is that this simple allegation is sufficient in itself to describe a criminal offense.

One provision of section 240 is that maliciously threatening to accuse another of a crime or misdemeanor—without an intent to extort and without a demand for money—is a criminal offense. The full

404

import of the statute in this respect can be seen by eliminating the words which are not relevant. It then reads (see People v. Avery, 192 Ill App 128) as follows:

> "Whoever, either verbally or by written or printed communication maliciously threatens to accuse another of a crime or misdemeanor . . . with intent to extort money, goods, chattels or other valuable thing, or threatens . . . to accuse another of a crime or misdemeanor . . . though no money, goods, chattels or valuable thing be demanded, shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months."

■ ■ The statutory words "verbally" and "maliciously" are descriptive of the misdemeanor, are indispensable to a proper indictment and are incorporated in this one. "Verbally" denotes—in this context—that the threat was made orally; "maliciously" denotes that it was an intentional doing of a wrongful act without just cause or excuse. Lynch v. People, 137 Ill App 444. The statutory words "though no money, goods, chattels or valuable thing be demanded" are not included in either count. Their omission does not vitiate the indictment. They are neither an affirmative description of the misdemeanor which must be repeated nor an exception which must be negatived. People v. Green, 362 Ill 171, 199 NE 278. Their purpose in the statute is simply to show that it is not necessary that there be an intent to extort for a criminal offense to be committed. All the words in counts 1 and 5 which appear after the word "burglary" are immaterial and unnecessary to the misdemeanor and may be regarded as surplusage. People v. Moore, 368 Ill 455, 14 NE2d 494; 21 ILP Indictments, sec 58. Neither count is subject to attack because of duplicity or repugnancy.

405

■ Although the State failed to charge the defendants with the offense it sought to allege, it did charge them, albeit inadvertently, with another: maliciously threatening to accuse Morrison of the crime of burglary. For this reason the judgment of the criminal court must be reversed and the cause remanded.

Reversed and remanded.

McCORMICK, P. J. and SCHWARTZ, J., concur.