The People of the State of Illinois, Plaintiff-Appellee,
v. Glendon Cook, Defendant-Appellant.

Gen. No. 10,527.

Fourth District.

December 1, 1964.

■■■

Robert W. McCarthy, of Lincoln, for appellant.

Darrell E. Klink, State's Attorney, of Logan County, and Rodney G. Bucher, Assistant State's Attorney, of Lincoln, for appellee.

SMITH, J.

Defendant appeals from a contempt order sentencing him to ninety days. Such resulted from a finding that on October 3, 1963, he had violated two conditions of his probation. These not too onerous conditions pertained to nonuse of intoxicants and presence in his home from 11:00 p. m. to sunrise. Probation had been granted to him on April 3, 1963, and was for a period of two years, with confinement for the first six months in the State Farm at Vandalia.

■ The People raise some procedural questions apropos the record and the report of proceedings. However, these points are raised only in passing and are neither argued nor specifically relied upon. We consider them waived under our Rule 7 (Ill Rev Stats 1963, c 110, § 201.7).

■ ■ To reverse the contempt order defendant argues that he was not on probation on October 3, or if he was, these particular conditions were ineffective. This happenstance came about, he says, through his neglect to post a bond and that until such earthshaking event occurred, these two conditions remained hanging circumambient in the courtroom air without force or effect and could be transgressed at will. Needless to say he is mistaken. The posting of bond is a *condition of,* not a *precondition to,* probation. Such is a matter of grace and it is hard for us to see how failure to abide by one condition excuses him from all others. The probation bond is a prophylactic

measure, not a maneuver, its purpose being to discourage nonchalance on the part of probationers with regard to such conditions as may have been imposed. Furthermore, we do not think he enjoyed a holiday from these conditions, because, technically, the six-month sentence to the State Farm was still running on the day in question. The argument is ingenious but that's about all. The conditions imposed became effective at the time of the entry of the probation order on April 3, and while doubtless redundant for the period he was at the State Farm, they were nevertheless in effect and, more important, effective when he came out.

Finally he argues that the evidence was insufficient to sustain the order for the reason that the violations were not proved beyond a reasonable doubt. The quantum of proof required in criminal cases cannot be equated to probation matters. Revocation requires proof by a preponderance of the evidence. People v. Price, 24 Ill App2d 364, 164 NE2d 528. Certainly no greater degree is required to support a holding of contempt. We have reviewed the evidence and by this standard it is sufficient to sustain the order appealed from.

Affirmed.

CROW, P. J. and SPIVEY, J., concur.