THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD D. MILLS, Defendant-Appellant.

Second District   No. 77-133

Opinion filed March 22, 1978.

James R. Truschke, of Whelan, Truschke & Assoc., of Arlington Heights, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was charged in two complaints with battery upon William R. Wick and James R. Horrell II. In a bench trial he was found guilty of both offenses and sentenced to spend 15 consecutive weekends in the Du Page County Jail and placed on probation for one year. He appeals.

The defendant contends that the evidence was not sufficient to establish his guilt beyond a reasonable doubt where the complaining witnesses did not testify; that the State must prove lack of provocation; and that the sentence was excessive.

On the night of November 1, 1976, Karen Loy, Maria Prosek, William Wick and James Horrell were at the Iron Horse Lounge in West Chicago.

Both Maria Prosek and Karen Loy testified that as they were leaving the tavern, the defendant attacked Horrell and knocked him to the ground. Maria Prosek attempted to pull the defendant off of Horrell but she was pulled off. Horrell was then kicked in the face by the defendant. Wick went to the aid of Horrell and Karen Loy testified that Mills then started beating Wick, knocked him down and kicked him in the stomach. One of the victims apparently sustained a broken nose, a broken jaw, and a broken cheekbone, while the injuries to the other victim consisted of tissue damage. Horrell and Wick did not testify. Maria Prosek testified that the attack was without provocation. The defendant testified that he was not at the Iron Horse on the night in question but was at his brother's house. In rebuttal, Karen Loy testified that the defendant was in the Iron Horse, that words were exchanged between defendant and Horrell, that Horrell attempted to shake hands with defendant, and the defendant "went to kick him and the owner jumped in and got kicked instead."

Defendant's wife and his brother testified that defendant was at his brother's house at the time of the attack on November 1, 1976. Three other witnesses also testified on behalf of the defendant. Bolla testified that defendant was not the perpetrator of the attack and the other two witnesses testified that they were friends of the defendant and that he was not at the Iron Horse on the night in question.

We are thus confronted with conflicting testimony and in this regard the remarks of the trial judge are most pertinent. After summarizing the testimony of Prosek and Loy, he said:

"It's a question of credibility.

And in this case the Court had the opportunity to see each of the witnesses at close hand.

I noted each one of them as they testified.

I heard what they said, how they said it.

I had the opportunity to judge their demeanor on the stand as they testified.

I have also had the opportunity to weigh their reasons for testifying.

The defendant does not have to prove that he is innocent.

In this case he undertook to present witnesses on his behalf who were, in essence, to establish that he was not present when the batteries occurred.

I believe the State witnesses who testified in this case, Ms. Prosek and Ms. Loy, that they saw Richard Mills strike and kick the complainants in this case.

It is a question of credibility.

And the law in Illinois is that one credible witness is sufficient to convict.

But in this case it goes well beyond the mere testimony of one person. We have the testimony of two persons. And a great deal of their

testimony is corroborated by other witnesses in the case, some of whom are even the defense witnesses.

I do not believe Roland Mills when he testifies specifically, that he was with his brother on the day in question, the night in question.

And I do not, further, believe the wife of the defendant.

I do not believe in this case the defendant himself.

It is a question of credibility.

I have seen the witnesses. I have heard what they have to say.

And I do believe that the female companions of the victims in this case were telling the truth when they saw the unprovoked, unjustified battery of Richard Mills against Horrell and Wick."

■■ Defendant contends that the evidence adduced before the court is not sufficient to prove him guilty beyond a reasonable doubt, pointing out that the victims of the battery did not testify. In this connection the remarks of the trial court are directly in point: "* * * I am convinced beyond a reasonable doubt that the defendant did, without justification or provocation, batter, as alleged in the complaints, the complainants Wick and Horrell." We find that the guilt of the defendant was proven beyond a reasonable doubt. We will not substitute our judgment for that of the trial court. *People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.

● 2    Defendant further contends that it is incumbent upon the State to prove that the batteries were committed "without lawful justification" and "without provocation." In support of this argument counsel has cited *People v. Perry* (1975), 27 Ill. App. 3d 230, 327 N.E.2d 167, and *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897. We do not find that these two cases so hold. In *People v. Hussey* (1972), 3 Ill. App. 3d 955, 956-57, 279 N.E.2d 732, 733-34, the court stated, on the issue as to whether the lack of legal justification was a necessary element of the crime of battery:

"* * * being a negative, [it] is not one of the 'essential elements'. An excess of caution may have occasioned its inclusion, * * * and while we appreciate the reasons for its cautionary inclusion, it is, in our opinion, still not an integral or material part of the definition. Rather, it is elucidatory—an attempt to clearly express the ideal that while certain types of battery may take place * * * it would not be a crime if certain affirmative defenses * * * exist."

In *Hussey* the term "without legal justification" was omitted from the indictment. The supreme court affirmed *Hussey sub nom. People v. Harvey* (1973), 53 Ill. 2d 585, 587. In the complaints before us the phrase is included, but defendant insists that this is the burden of the State to so prove. We find that they are misguided in this contention. As was pointed out by the appellate court in *Hussey*, this is a possible affirmative defense to a charge of battery.

This is perhaps more succinctly stated in *People v. Looney* (1977), 46 Ill. App. 3d 404, 409-10, 361 N.E.2d 18, 22:

> "Defendant was charged with battery in that she 'intentionally *without legal justification* caused bodily harm * * *.' (Emphasis added.) * * * This phrase is not an essential element of the crime of battery, and it is defendant's burden to raise legal justification as an affirmative defense and to tender instructions which bear favorably upon an applicable defense. * * *"

See also *People v. Worsham* (1975), 26 Ill. App. 3d 767, 326 N.E.2d 134.

We are in accord with *People v. Looney, People v. Hussey,* and *People v. Worsham.*

■■ The last argument of the defendant is that the sentence of confinement imposed is excessive. We do not agree, and in light of the injuries inflicted, find that the trial court was most fair in imposing a sentence of 15 weekends of confinement so that defendant could continue his employment.

The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.