THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY HUBBLE, Defendant-Appellant.

Second District   No. 79-225

Opinion filed March 4, 1980.—Rehearing denied April 2, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

James S. Williams, State's Attorney, of Mt. Carroll (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Jerry Hubble, was convicted of the offense of intimidation (Ill. Rev. Stat. 1977, ch. 38, par. 12—6(a)(4)) and was thereafter sentenced to a two-year term of probation. Included as a condition of probation was a requirement defendant enter into a recognizance bond directed to the People of the State of Illinois in the sum of $1,000 pledging his appearance before the court at such times as the court may direct.

On review defendant contends: (1) that his conduct did not violate

the intimidation statute; and (2) that the trial court was without authority to require a recognizance bond as a condition of probation.

Evidence was presented in trial that on November 3, 1977, defendant met his former wife, Anna Hubble, at a coffee shop in Savanna, Illinois, and threatened to bring charges against her of trespass, forgery and violation of his parental visitation rights unless she agreed not to testify against him in the forthcoming trial of an aggravated assault charge, in which she was the complainant. The assault charge was based upon the allegation he had pointed a shotgun at her; the threatened trespass and forgery charges were based upon allegations that Anna Hubble had entered defendant's residence to reclaim certain of her belongings and that she had also endorsed his name to an income tax refund check.

Essentially, defendant contends that his conduct in making the alleged threats to his former wife to induce her not to testify against him, even if true, would not constitute the offense of intimidation as he had lawful authority to bring criminal charges against her for those offenses. Put in another way, defendant argues that as there were actual criminal charges which he could bring against her he had a right to threaten such action without violating the statute.

Section 12—6(a) of the Criminal Code of 1961 provides as follows:

"(a) A person commits intimidation when, with intent to cause another to perform or omit the performance of any act, he communicates to another a threat to perform *without lawful authority* any of the following acts:

(1) Inflict physical harm on the person threatened or any other person or on property; or

(2) Subject any person to physical confinement or restraint; or

(3) Commit any criminal offense; or

(4) *Accuse any person of an offense*; or

(5) Expose any person to hatred, contempt or ridicule; or

(6) Take action as a public official against anyone or anything, or withhold official action, or cause such action or withholding; or

(7) Bring about or continue a strike, boycott or other collective action." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 12—6(a).)

The present intimidation statute was adopted as a part of the comprehensive revisions made by the Criminal Code of 1961 which replaced numerous parallel sections of the prior code. (See Ill. Rev. Stat. 1959, ch. 38, pars. 240-246, 376-383, 456-464 (repealed 1961).) It is designed to prohibit specified threats intended to compel a person to act against

his will. The former statute described the offense of extortion by threat as occurring when a person:

"* * * either verbally or by written or printed communication maliciously threatens to accuse another of a crime or misdemeanor, * * * with intent to extort money, goods, chattels, or other valuable thing, * * * or to accuse another of a crime or misdemeanor, * * * though no money, goods, chattels or valuable thing be demanded * * *." (Ill. Rev. Stat. 1959, ch. 38, par. 240 (repealed 1961).)

The former act, however, did not include the phrase "without lawful authority" found in the present intimidation statute. It is the application of that language which we must consider in our review of this case.

Defendant reasons that he had a lawful right or authority to accuse his former wife of the crimes which he believed she had committed and, therefore, a threat to do so communicated to her by him does not fall within the ambit of the intimidation statute. He urges that public policy mandates support of his right to bring a complaint when there is reason to believe a crime has been committed, without risk of prosecution for intimidation.

The State rejects defendant's argument, contending it was not the intent of the legislature in enacting this portion of the intimidation statute to proscribe only a threat to falsely accuse another of a criminal offense but also to make unlawful any threat to accuse another of an offense, whether truthfully or falsely, with intent to cause him to do or not do an act.

■■ The rules of statutory construction provide that while an amendment to an existing statute does create a presumption that the legislature intended to change the law, the presumption is not invocable when the legislature adopts an entirely new code. (*People v. Nunn* (1979), 77 Ill. 2d 243, 396 N.E.2d 27.) As section 12—6 was part of the comprehensive new criminal code adopted in 1961, it will not be presumed to alter prior law. Furthermore, the courts are not always bound by the literal meaning of a statute, particularly where a literal construction would have an absurd result, defeating the obvious intent of the legislature. (*People v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436.) The courts may look to the object of the statute and the evils sought to be remedied (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627) and then arrive at a common-sense construction though it may qualify the broad language of a statute. *City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 68 N.E.2d 278.

We think defendant's analysis overlooks the essence of the offense of intimidation, that is to say, a threat made with intent to coerce another person. (*Cf. People v. Clarke* (1950), 407 Ill. 353, 359, 95 N.E.2d 425, 428.)

It is the exercise of an improper influence which is the gravamen of the offense and, accordingly, it is immaterial whether the facts threatened to be disclosed are true or not. (3 Wharton's Criminal Law §1397, at 795 (Anderson ed. 1957).) No public policy is served by allowing accusations to be made, even against the guilty, for the sole purpose of extortion. (*Eacock v. State* (1907), 169 Ind. 488, 501, 82 N.E. 1039, 1044-45, citing *Kessler v. State* (1875), 50 Ind. 229.) Where the legislature has not clearly made the falsity of the charge an element of the offense, if the intent to extort is present it is no defense that defendant had cause to believe that the crime he threatened to report had, in fact, been committed. 86 C.J.S. *Threats & Unlawful Communications* §3(b)(2)(d) (1954).

Under the former act (Ill. Rev. Stat. 1959, ch. 38, par. 240 (repealed 1961)), threatening to accuse another of a crime or to prosecute him unless money was paid was extortion and commonly described as blackmail. (*E.g., Moore v. People* (1897), 69 Ill. App. 398; *People v. Clarke* (1950), 407 Ill. 353, 95 N.E.2d 425; *People v. Ambrose* (1961), 33 Ill. App. 2d 399, 179 N.E.2d 460.) There is no reason to believe that by its recodification the legislature intended to make lawful the extraction of money or property from another by means of an intimidating threat where the threat is based upon truth, and to limit application of this aspect of the crime of intimidation to a threat to falsely accuse another of the commission of a criminal offense. By such reasoning intimidation for profit would, of course be lawful in many instances as it is commonly based upon an embarrassing truth threatened to be disclosed for the purpose of gain to the one making the threat.

Nor is defendant's argument persuasive that he is being inhibited from freely reporting crimes. His right and duty to do so continues; it is only when he threatens the exercise of that right for the purpose of coercing the conduct of another that his conduct is proscribed by the statute.

■■■ The phrase "without lawful authority," upon which defendant relies in his analysis of the intimidation statute is not an element of that offense. Similar language, such as "without legal justification" (*People v. Bradley* (1973), 12 Ill. App. 3d 783, 299 N.E.2d 99), is found in various sections of the Criminal Code (*e.g.,* Ill. Rev. Stat. 1977, ch. 38, pars. 10—3, 10—4, 12—1, 12—3, 19—1 and 21—2), and is intended to describe circumstances wherein conduct will be justified (see article 7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 7—1 to 7—14)) or otherwise authorized. (*People v. Harvey* (1973), 53 Ill. 2d 585, 589, 294 N.E.2d 269, 271; *People v. Mills* (1978), 58 Ill. App. 3d 300, 302, 374 N.E.2d 233, 235; *People v. Voda* (1979), 70 Ill. App. 3d 430, 437, 388 N.E.2d 206, 212.) As applied to the offense of intimidation the phrase "without lawful authority" can have application only to those limited circumstances in

which one person may be authorized to influence the conduct of another by a threat, as might a parent or teacher address a child, or to circumstances under which a person threatens conduct which he would be justified in carrying out under article 7. This qualification of the intimidation statute, however, may not be extended to authorize the use of intimidating threats to silence a witness as in the present case.

Defendant also contends that the imposition of the condition of probation requiring him to enter into a recognizance bond must be vacated as it is not authorized by statute (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3).

In the order granting probation entered April 20, 1978, among the terms and conditions imposed on defendant was the requirement:

"(4) That he shall enter a bond or recognizance to the People of the State of Illinois in the sum of $1,000.00 with sureties to be approved by this court, pledging his appearance in person before this court at such times as this court may direct or its rules provide; * * *."

Defendant thereafter signed a document before the clerk of the court entitled "Recognizance of Defendant Admitted to Probation" which was approved by the trial judge. The terms of this instrument, however, went substantially beyond the probation order entered by the trial court. In addition to pledging his appearance in court when required, it incorporated all the other conditions of defendant's probation and provided that they also be conditions of the recognizance. These additional conditions included that defendant shall not violate any laws, shall not leave the State without consent, shall report to the probation officer or other agency as directed and shall comply with such other conditions of probation as were provided in the order granting probation or are otherwise imposed by the court. The terms of this undertaking also provided that the recognizance would become null and void if defendant complied with its conditions; otherwise he would be liable thereunder.

At the time defendant was granted probation the Unified Code of Corrections did not require that a recognizance bond be imposed as a condition of probation. (See Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3.) Until its repeal effective January 1, 1973, when the present statute replaced it, article 117 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, pars. 117—1 to 117—3) did, however, expressly require that a person admitted to probation be subject to the condition that he execute a recognizance in accordance with the provisions of article 110 of the Code (Ill. Rev. Stat. 1971, ch. 38, pars. 110—1 to 110—16). Section 110—2 of that Code also provided then, as it does now, that an accused may be released upon a recognizance "either before or after conviction." Ill. Rev. Stat. 1971, ch. 38, par. 110—2.

Although the condition of probation requiring execution of a

recognizance was not carried over into the Unified Corrections Code as an enumerated condition of probation, section 5—6—3(b) of the present code, however, has been held to authorize the imposition of conditions of probation other than those specifically listed therein where there is some connection between a condition and the crime charged. (*E.g., People v. Dunn* (1976), 43 Ill. App. 3d 94, 356 N.E.2d 1137; *People v. Brown* (1971), 133 Ill. App. 2d 861, 272 N.E.2d 252; but see, *People v. Deskin* (1978), 60 Ill. App. 3d 476, 376 N.E.2d 1086.) Section 5—6—3(b) was further amended, effective June 27, 1978, after sentence in this case, to provide:

"(b) The Court may in addition to other *reasonable* conditions *relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the court* require that the person * * *." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(b).)

This seems to support a conclusion that the conditions of probation enumerated by the legislature are not intended by it to be exclusive. While we cannot say that as a matter of law the trial court was not authorized to require a recognizance bond as a condition of defendant's probation (he does not contend it was otherwise unreasonable in this case), it is apparent that such a requirement should not be imposed automatically or as a matter of routine in each case. Where the trial court deems it to be reasonably related to the offense and to a particular defendant, a condition of probation requiring him to enter into a recognizance for his appearance may well help assure the successful completion of his term of probation. See *People v. Cook* (1964), 53 Ill. App. 2d 454, 202 N.E.2d 674.

■■ In holding as we do that a recognizance can be required in appropriate cases we do not mean to approve the further conditions of the recognizance bond executed by defendant in this case. These seek to reach back and incorporate as further conditions of bail all of the terms of defendant's probation, presumably with a view that should the defendant violate any of the terms and conditions of his probation that the bond could be forfeited. (See *In re E.H.* (1979), 78 Ill. App. 3d 854, 397 N.E.2d 571.) In this case, however, it is apparent that the only requirement of the order granting probation to defendant as it related to the recognizance was that he appear when directed to do so, and the additional conditions sought to be imposed by the form of the recognizance could not be a basis for its forfeiture.

For these reasons the judgment of the Circuit Court of Carroll County is affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.