THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CONNIE DOWNEY, Defendant-Appellant.

Second District   No. 83—285

Opinion filed December 20, 1983.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

On March 8, 1983, the circuit court of Lake County found defendant, Connie Downey, had violated the terms of his probation by committing the offense of intimidation (Ill. Rev. Stat. 1981, ch. 38, par. 12—6(a)(5)). He was subsequently sentenced to three years with the Department of Corrections on each count concurrently.

The defendant appeals contending that his conduct did not legally amount to intimidation. Alternately, defendant contends that the State's proofs were insufficient to establish his guilt of intimidation by a preponderance of the evidence.

Defendant was originally placed on 30 months' probation on July 20, 1982, having pleaded guilty to certain possession of narcotics charges. The State's amended petition for revocation charged defendant with rape, intimidation and harassment by telephone. As to the harassment charge the court directed a finding for the defendant; found him not guilty of the rape charge; but found that defendant had violated his probation by committing the crime of intimidation.

During mid-1982 defendant and victim, Marianne Jacobson, a married woman, carried on a sexual liaison. After September they remained just friends. In early December the victim in a telephone conversation advised defendant that her husband and daughter would be away on vacation at the end of the month. At 1:30 a.m. on December 29, 1982, defendant appeared at her home desirous of resuming the sexual aspect of their relationship. Jacobson declined, advising defendant that she was desirous of making her marriage work. Defendant told her he would force her to continue; that if she did not, he would tell her husband of the activities with him; and, that he would bring

over friends and family in support of his revelations. Jacobson feared he might hit her. She accompanied defendant to her bedroom.

In the bedroom she again told him that she had ended the affair because of her desire to preserve her marriage as opposed to "some fault" on his part. Defendant said he understood, but in response to her inquiry, "Then you won't force me through this?" replied, "Well, I'm already here."

Upon completion of the act she asked if he was going to come back and tell her husband. He replied in the negative. The next day after working a full shift, she reported the incident to the police. On cross-examination Jacobson admitted that she lay next to him for about five minutes and conversed, and that she did this voluntarily.

Defendant, on his own behalf, testified that he came over on the invitation of Mrs. Jacobson; that the act was mutually anticipated, consummated, and appreciated. Defendant claimed that they thereafter argued over money he had borrowed from her. She threatened to harass him, and he responded that if she did her husband would likely find out about their affair.

The court expressly found that it considered most of the victim's testimony to be credible, and that defendant's testimony was "not credible."

The court revoked defendant's probation and sentenced him to a term of three years' incarceration with credit given for time served while on probation.

Defendant contends that the threat allegedly made to expose their affair to the victim's husband is not the type of "threat" proscribed under section 12—6(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—6(a)(5)). Section 12—6(a)(5) provides:

> "Sec. 12—6. Intimidation. (a) A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he communicates to another a threat to perform without lawful authority of the following acts:
>
> * * *
>
> (5) Expose any person to hatred, contempt or ridicule; ***."

Defendant adopts a position that a threat to reveal the truth regarding another person, which threat does not amount to a civil tort in the nature of libel, slander, or invasion of privacy is not actionable under section 12—6(a)(5) of the Criminal Code of 1961. He supports this by relying on *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, *rev'd on other grounds sub nom. Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758. That court reviewed section 12—6(a)(5), against plaintiff's constitutional challenge that the statute was

vague and overbroad. The court commented:

> "Sub-paragraph (a)(5) makes criminal threats to 'expose any person to hatred, contempt or ridicule [without lawful authority].' This phrase is taken from the definition of libel and slander. The exposure of another to hatred, contempt or ridicule is unlawful when it constitutes libel, slander, invasion of privacy, or criminal libel. In a prosecution for violation of this sub-paragraph the state would be required to prove, in addition to the other elements of the intimidation statute, that the threatmaker's execution of his threat would have constituted one of those torts or crimes *given his state of mind and the circumstances existing at the time the threat was made."* (280 F. Supp. 938, 965.)

It would appear that the *Landry* court was concerned that section 12—6(a)(5) of the Criminal Code of 1961 was impermissibly vague and overbroad, and sought to cure the constitutional infirmity by the imposition of certain civil standards upon the statute for the purpose of narrowing its application.

Section 12—6(a)(5) of the Code, on its face, does not restrict liability to one who commits a civil defamation against another for the purposes of extortion. Its facial language simply directs that the underlying threat need only expose the victim to "hatred, contempt or ridicule." Granted that this latter phrase, as pointed out by the *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, *rev'd on other grounds sub nom. Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758, court, may have been "taken from the definition of libel and slander," this standing alone is not proof that the legislature intended to adopt the body of civil defamation law as the standard of criminal liability pursuant to section 12—6(a)(5) of the Code. Had the legislature intended to limit the statute it could have done so by simply specifying liability where one threatens to commit libel, slander or violate the victim's privacy. Its absence even suggests that the legislature intended a broader application for the statute. The broader application would seem to be more within the purposes of section 12—6(a)(5) of the Code. This interpretation does not render the statute constitutionally infirm.

The purpose of the statute is to prohibit the making of specified threats "intended to compel a person to act against his will." (*People v. Hubble* (1980), 81 Ill. App. 3d 560, 562-63, 401 N.E.2d 1282, 1284.) The statute does not restrict a citizen's right of free speech, but merely restricts the exercise of such a right to effect an extortion. To construe section 12—6(a)(5) of the Code as *Landry* does would se-

verely limit the statute in curing the evil for which the statute was enacted. To so hold would open the door to those who would extort money or other performance from their victims, based upon an embarrassing truth.

If you limit its reach to only those who threaten to violate their victim's right of privacy, as those rights are defined in the civil law, one bent upon extortion could simply threaten to narrow their publication of the embarrassing truth to a select few. The case at bar is in point as the threat does not contemplate a broad public exposure as would technically constitute an invasion of her privacy. See Prosser, Torts sec. 117 *et seq.*, at 802 (4th ed. 1971).

There does not appear to be any reason why an extortion attempt should be any more or less sanctioned by the law, depending merely upon the scope of the proposed publication of a little-known truth about the victim. It is submitted that the plain language of section 12—6(a)(5) of the Code does not limit the scope of that provision in the manner determined by the *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, *rev'd on other grounds sub nom. Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758, court, or as proposed by the defendant herein. We believe that the language should be given its plain effect. (*Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 569, 420 N.E.2d 472, 473.) We specifically decline to follow the opinion of *Landry* regarding section 12—6(a)(5) of the Code.

The gravamen of the offense is the improper influence on another. Public policy is not served by allowing accusations, even against the guilty, if the sole purpose is extortion. *People v. Hubble* (1980), 81 Ill. App. 3d 560, 564, 401 N.E.2d 1282, 1285.

■ Such a construction would not render the statute unconstitutional. It doe not implicate any right of free speech. It merely prevents private extortions based upon threatened public or private speech. The intimidation statute in question has no "inhibitory effect on freedom of speech." (See *People v. Holder* (1983), 96 Ill. 2d 444, 449, 451 N.E.2d 831, 833.) Nor does such an interpretation render the statute overbroad and vague. The scope of the prosecution under the statute is also limited by the fact that the underlying threat must be intended to cause another to perform or omit the performance of some act. *Cf.* 96 Ill. 2d 444, 453-54, 451 N.E.2d 831, 835-36.

Defendant next urges that the evidence was not sufficient to establish his guilt by a preponderance of the evidence. As defendant noted, criminal offenses serving as the basis for a revocation of probation need only be established by a preponderance of the evidence. (*People v. Cooper* (1977), 66 Ill. 2d 509, 514, 363 N.E.2d 817, 819.) To

disturb a finding of probation violation on review, the trial court's judgment must be contrary to the manifest weight of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 451-52, 292 N.E.2d 721, 723.) We do not so find.

■ Defendant contends that the circumstances of their prior relationship and the facts pointing to the victim's alleged willingness and cooperation in the venture lead to the conclusion that she was not in fact coerced. However, these facts were in dispute. It was the function of the trial court as trier of the fact to weigh the credibility of the witnesses. (*People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733, 734.) In rendering judgment the court verbalized that he deemed her testimony to be more credible than his in certain areas. The testimony of this single witness was sufficient to support the revocation of defendant's probation. See *People v. Sparkman* (1979), 68 Ill. App. 3d 865, 871, 386 N.E.2d 346, 351.

The trial court's finding that defendant committed the offense of intimidation is not against the manifest weight of the evidence. The judgment of the trial court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and NASH, J., concur.