53–04 NINETY-SEVENTH PLACE CORPORATION, Plaintiff, *v.* CITY OF NEW YORK and Others, Defendants.

Municipal Court of New York, Borough of Queens, Second District, May 28, 1935.

*M. Carl Levine* [*Albert Foreman* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Albert Cooper* of counsel], for the defendant.

MORRIS, J.   The plaintiff is seeking to recover from the defendant a sum of $572.95, $550.95 of which amount is alleged to be due for rental of one six-inch centrifugal pump which worked under department of purchase open market orders with hose, etc., including fuel, liability compensation and property damage insurance with operator during the month of November, 1934.   The original purchase order is on " TERA form 209 " and contains the following: " Fund TERA " and " Prepare invoice in quintuplicate on TERA form 211," and refers to contract No. 3899.   This order is dated November 1, 1934, and following this is a memorandum of change to said purchase order and dated November 23, 1934, issued on TERA form 210 containing the following language: " The purpose of this memorandum of change is to cancel the above purchase order in its entirety due to the fact that the price per day was not in accordance with vendor's actual and accepted bid.   This purchase order is superseded by purchase order No. 24746-1 to the same vendor." Thereafter plaintiff received purchase order on TERA form 209 containing the same reference to the " fund," " invoice " and " contract " and was marked in evidence as plaintiff's Exhibit 2, renting plaintiff's pump with operator for a period of twenty-five working days for the month of November, 1934, at thirteen dollars per day.   Subsequently the plaintiff received a memorandum of change on TERA form 210 dated February 9, 1934, referring to the last-mentioned purchase order No. 24746-1 containing the following: " PURPOSE to delete from the above purchase order the phrase ' with operation.'   THE REASON, no operator was furnished on this order."

An additional order was issued by the department of purchase on January 14, 1935, on TERA form 209 containing the same reference to the " fund," " invoice " and " contract " for the rental of said

pump with operator for nine days at thirteen dollars per day, and dated February 9, 1935. The purpose of which was to delete from the last-mentioned purchase order the phrase ' with operator " for the reason that no operator was furnished.

On December 24, 1934, the plaintiff filed with the department of finance, comptroller's office, and on December 26, 1934, with the bureau of law and adjustment a claim for $550.95 and which exhibit contains the statement that said claim was filed " in accordance with our bid." The plaintiff contends that the claim of the plaintiff is based upon the purchase orders above mentioned and not upon a contract with the city of New York and which has been marked in evidence as defendant's Exhibit A for the reason that said Exhibit A by its terms reads: " Dated September 7, 1934. In compliance with the invitation for bids and subject to the condition thereof, the undersigned offers and agrees if this bid be accepted within ten days from the date of the opening," and that bids having been opened on September 11, 1934, and said offer by its terms having expired on the 21st day of September, 1934, the so-called contract on which defendants relied was never a contract insomuch as the offer was never accepted because there never was a meeting of the minds, and the offer by its terms expired ten days after the opening of the bid. It is true the city of New York did not accept the offer within ten days but did accept the offer within several days after the expiration of the ten-day period by sending the acceptance and order to proceed with the work to the plaintiff and the plaintiff thereafter proceeded under the order and shows such acceptance in addition by the claim filed with the city of New York and which claim plaintiff contends " is in accordance with its bid." Plaintiff offered in evidence a printed form of the department of purchase of the city of New York, known as " Governing Work Division Purchases, General Stipulations," and is known as TERA form 213. From the exhibits above referred to I find that a valid TERA contract existed between the plaintiff and defendants and that the plaintiff corporation was cognizant or should have been cognizant of the fact that it was working under such TERA contract and the plaintiff is, therefore, bound by the TERA rules and regulations.

The Temporary Emergency Relief Administration was created by chapter 798 of the Laws of 1931 and the purpose of the act is to supplement the relief work of the municipalities of the State. Section 30 of this act states: " Rules adopted by the administration under this act shall have the force and effect of law," and again section 35 of chapter 798 states: " This act shall not apply to a city or county unless and until the governing board thereof shall adopt a resolution accepting its provisions and shall file, on or before

November sixteenth, nineteen hundred thirty-one, a certified copy of such resolution with the administration." The city of New York adopted a resolution by the board of estimate and apportionment October 23, 1931, in conformance with the section just quoted and same was filed with the Temporary Relief Administration at its office in New York city. Section 27 of chapter 798 contains the following language: " The administration shall make and enforce rules in accordance and consonance with the provisions of this act which will best promote the efficiency and effectiveness of the relief which this act is intended to furnish. None of the money appropriated by this act shall be expended or allowed except in accordance with such rules."

The plaintiff urges that the open market orders as given were duly authorized pursuant to sections 449-a, 449-b and 449-c of the charter of the city of New York provided said orders do not exceed the sum of $1,000 as provided by section 419 of the charter of the city of New York which is as follows: " No expenditure for work or supplies involving an amount for which no contract is required (less than the sum of $1,000) shall be made, except the necessity therefor be certified to by the appropriate borough president or head of the appropriate department, and the expenditure has been duly authorized and appropriated."

This section does not provide that the work may not be ordered unless a certificate of necessity is filed and appropriation made, but does provide that no expenditure may be made without the certificate of necessity and the appropriation being provided for. The section prohibits the payment of any moneys for work done or supplies furnished in an amount less than $1,000 unless a certificate of necessity had been filed and the funds been appropriated, but does not restrict or prevent the head of the appropriate department from ordering the work until a certificate of necessity has been filed and the appropriation made. (*People* v. *Kane*, 43 App. Div. 472; affd., 161 N. Y. 380; *Moran Towing & Transp. Co.* v. *City of New York*, 36 F. [2d] 416.)

There is no question but that the plaintiff did not have an operator controlling the pump during the course of the work and it was conceded on the trial that the plaintiff was not the actual owner of the pump. The defendant offered in evidence section C of purchasing series No. 2 of July 12, 1934, and section M of purchasing series No. 7 of August 20, 1934, both included in TERA Bulletin No. 44 and marked defendants' Exhibit B. These sections provide: " Contracts for equipment rental shall be entered into only with individuals, firms or corporations who are the actual owners of the equipment bid upon."

It is not proven that the plaintiff has fulfilled every term and condition of the contract on its part to be performed as stated in *Moore* v. *Mayor, etc., of City of New York* (73 N. Y. 238, 248): "When there has been a *bona fide* performance of a contract, of which the city has had the benefit, there is a strong equity in favor of the contractor seeking his pay."

"A person contracting with public officers must take notice of their powers. He is charged with knowledge of the law, and he makes a contract in violation of the law at his own risk." (*Parr* v. *Village of Greenbush*, 72 N. Y. 463, 472.)

"Everyone dealing with the agents of the municipality is bound to know the limits of that power." (*Moore* v. *Mayor, etc., of City of New York*, 73 N. Y. 238, 245; *Van Dolsen* v. *Board of Education*, 162 id. 446, 452.)

In the instant case the claim of the plaintiff involves benefits conferred upon the city of New York which the city has enjoyed without the return of *quid pro quo*. Benefit enjoyed by a municipality at another's expense ordinarily calls for compensation, payment of which justice and equity may dictate, even if law does not compel compensation. (Greater New York Charter, § 246.)

The city of New York used the machine and equipment of the plaintiff and used it for its benefit and the plaintiff should be compensated. The court does not agree with the corporation counsel that the equities are meagre but in the court's opinion preponderate in favor of the plaintiff. The plaintiff may have, in the utmost good faith, leased to the city of New York the pump in question in entire ignorance of the requirement that the pump must be owned by the plaintiff. The claim of the plaintiff after investigation by the comptroller of the city of New York in the exercise of his discretionary power after determination of the amount due in the opinion of the court is one which is proper for the city to pay. (*People ex rel. Dady* v. *Prendergast*, 144 App. Div. 308; Greater New York Charter, § 246.) The plaintiff, however, is bound by chapter 798 of the Laws of 1931 creating the Temporary Emergency Relief Administration and the plaintiff having contracted with the city with the expectation of being paid from the TERA fund is bound by the rules and regulations of the TERA as well as by those of the department of purchase. The non-compliance by the plaintiff with the rules and regulations above referred to compels a dismissal of the complaint.

Complaint dismissed.