THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY J. RANDLE, Defendant-Appellant.

Second District (2nd Division)    No. 75-338

Opinion filed June 3, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from judgment on a jury verdict finding defendant guilty of intimidation. Defendant claims that the conviction for intimidation, which grew out of the same actions as those upon which his acquittal for robbery was based, is legally inconsistent with it because both offenses as charged in the indictment have identical elements of proof. Defendant contends that his conviction must therefore be reversed.

The incident, out of which the charges arose, took place at noontime at a hamburger stand where the complaining witness, age 16, and two friends, high school boys of 15 and 16 years, had stopped for lunch. There were about 10 people in the restaurant at that time. One of the complainant's friends, who is described as "skinny," had just placed an order for 5 hamburgers, which prompted laughter and kidding by complainant and his other companion. Just then, defendant and another man, ages 23 and 22, entered the hamburger stand. Defendant slipped, caught himself, and became infuriated, believing complainant's laughter

to be at his expense. He approached and twice asked complainant if he were laughing at him; complainant twice replied, "No." Defendant admits to then asking, "Would you laugh if I would blow your face off ?" This was said in a very low voice. Complainant replied, "No," and continued to explain that he was laughing at the fellow buying hamburgers. Defendant further stated, "If I shot you I would be the one laughing," and then ordered complainant to give him some money. When complainant replied that he did not have any, defendant instructed him to "check again," and instructed him to "Just give me a dollar." Complainant did so. Defendant told him that should anyone ask, he was to say that the dollar was a loan. Defendant thereupon departed the lunch stand.

It is clear that "In law there is no inconsistency in verdicts of acquittal and conviction upon charges of crimes composed of different elements, but arising out of the same state of facts." (*People v. Hairston*, 46 Ill. 2d 348, 361-362 (1970); see *People v. Joyner*, 50 Ill. 2d 302, 308-9 (1972).) Defendant admits that the elements of proof for robbery and intimidation, as set out in the statute, are different but asserts that, "In reviewing the particular charges in this case * * * it is clear that the elements of proof on the two counts of the indictment * * * are identical." We do not agree.

Count I of the indictment alleged that defendant committed the offense of

> "Robbery, in that said Defendant took property from the person of Robert Adams, to-wit: U.S. currency, by threatening the imminent use of force, in violation of Section 18—1, Chapter 38, Illinois Revised Statutes, 1973."

Count II of the indictment alleged:

> "Intimidation, in that said Defendant with intent to cause Robert Adams to perform an act, to-wit: giving him money, said Defendant communicated to said Robert Adams a threat to perform without lawful authority the following act, to-wit: the inflicting of physical harm on the person of Robert Adams, in violation of Section 12—6, Chapter 38, Illinois Revised Statutes, 1973."

Intimidation is a specific intent crime by its terms, whereas robbery is not. As the elements of these offenses are different, conviction for intimidation is not legally inconsistent with acquittal of robbery. *Hairston.*

Furthermore, the robbery count by its terms requires proof of threat of *imminent* use of force; whereas, the intimidation count requires only proof of threat of physical harm at some (possibly future) time. (See Committee Comments, Ill. Ann. Stat., ch. 38, §12—6, at 552 (Smith-Hurd 1972).) Indeed, under the evidence presented, the jury could logically have concluded that defendant did not threaten the imminent use of

force—standing, as he was, apparently unarmed in a crowded hamburger stand in broad daylight, having just drawn attention to himself by stumbling in the doorway—and that his threat to harm complainant was of a less immediate nature. Such, in fact, was the conclusion of the complainant who testified as to why he gave defendant the money, saying, "I was afraid [*sic*] what he possibly would have done or he might have done later on."

We conclude that the verdicts are not inconsistent and the judgment of the circuit court is therefore affirmed.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.