THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY SATTERTHWAITE, Defendant-Appellant.

Fourth District   No. 15310

Opinion filed June 7, 1979.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Marc D. Towler and Karen Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Following a September 11, 1978, jury trial in the circuit court of McLean County, defendant Harry Satterthwaite was convicted of the offenses of unlawful restraint and battery and sentenced to concurrent terms of imprisonment of 3 years and 364 days for the respective offenses. On appeal, he contends that (1) the evidence was insufficient to prove the offense of unlawful restraint, and (2) misstatement of evidence and improper comments by the State during its closing argument denied him a fair trial.

The pertinent evidence may be summarized as follows: At approximately 10:35 a.m. on June 28, 1978, the complainant left her apartment in Normal and walked toward a nearby bus stop. During her walk, defendant approached her in a car, offered her a ride, and, upon her refusal of the offer, drove beside her asking her questions. Upon arriving at the bus stop, the complainant stopped and stood facing away from defendant. Defendant then got out of his car, approached the complainant, took hold of her arm, and attempted to persuade her to take a ride with him. The complainant refused. Defendant then touched the complainant between the legs and on the breasts while holding her by the arm and then by the leg. Defendant asked what complainant's husband would think if she was raped, but the complainant did not respond. Acting disgusted, defendant then released her, returned to his car, and departed. The incident testified to encompassed a period of about two minutes. The complainant admitted to not having struggled with defendant nor calling out for help during the incident and explained that she had been scared, confused, and "frozen with fear."

Section 10—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 10—3(a)) provide that the offense of unlawful restraint is committed when one "knowingly without legal authority *detains* another" (emphasis added) (Ill. Rev. Stat. 1977, ch. 38, par. 10—3(a)). Defendant maintains that since the evidence showed that the complainant had reached her destination and that she did not attempt to pull or walk away from him while he held onto her, no evidence existed that the complainant was "detained" within the meaning of the statute. The State argues that it is not necessary that one be moving and be prevented from proceeding onward to be "detained" within the meaning of the statute and contends that since the evidence shows that complainant's free locomotion was impaired, defendant's conviction must stand.

No statutory provision or decision of a court of review of this State

defines the term "detain" as used in section 10—3(a). Black's Law Dictionary (4th ed. 1951) includes in its definition of the term "* * * to delay, to hinder, to hold, * * * to retard, to restrain from proceeding, to stay, to stop."

The present offense of unlawful restraint has replaced the old offense of false imprisonment in Illinois (Ill. Ann. Stat., ch. 38, par. 10—3, Committee Comments—1961, at 287 (Smith-Hurd 1972)). Concerning the requirement of detention as to the offense of false imprisonment, it is stated at 35 C.J.S. *False Imprisonment* §71 (1960):

> "The detention must be willful and against the consent of the person detained, and by some conduct which *prevents him from moving from one place to another.*" (Emphasis added.)

See also *People v. Scalisi* (1926), 324 Ill. 131, 148, 154 N.E. 715, 722.

■■ The evidence shows that defendant held onto the complainant, both by her arm and by her leg. Her freedom of locomotion was then impaired. She was not free to go or to stay as she desired. Such constituted sufficient proof that the complainant was detained by defendant.

Defendant also asserts that the closing argument by the State denied him a fair trial. During that argument, the prosecutor indicated that the complainant was walking, rather than standing, on the street when taken ahold of by the defendant and also argued to the jury that evidence that the complainant had not reported the incident to the police until 8 hours thereafter should not be considered to discredit her testimony. No objection to these comments was made by defense counsel at trial, nor were the comments cited as error in defendant's post-trial motion.

■■ We have often recognized that a defendant's failure to object to allegedly prejudicial argument by the State waives the point unless that argument constitutes plain error. (*People v. Stamps* (1977), 52 Ill. App. 3d 320, 367 N.E.2d 543; *People v. Greenfield* (1975), 30 Ill. App. 3d 1044, 333 N.E.2d 36.) Although, even when not objected to nor raised in a post-trial motion, allegedly improper closing argument by the prosecution may be considered on appeal where the evidence is closely balanced or the accused would thereby be denied a fair and impartial trial (see *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856), such is not the case here. We find no plain error in the instant case and therefore deem defendant's second contention to have been waived.

For the reasons stated, defendant's convictions and sentences are affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.