THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALLEN R. KUYKENDALL, Defendant-Appellant.

Fourth District   No. 4—82—0069

Opinion filed August 16, 1982.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant was charged by indictment in the circuit court of McLean County with the offenses of home invasion and unlawful restraint in violation of sections 12—11 and 10—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 12—11, 10—3). A jury trial was held and at the conclusion of the State's evidence the trial court directed a verdict of not guilty on the home invasion charge. The jury returned a verdict of guilty on unlawful restraint and after denying a post-trial motion, the court sentenced defendant to an extended term of 6 years' imprisonment.

The factual basis is relatively uncomplicated. The victim, Darryl Casper, was at home in his apartment on September 15, 1981, with two other persons. At about 11:45 p.m., a group of persons, including the defendant, appeared at the apartment door and asked Casper to come outside; instead, he asked them to come into the apartment. After some further remarks emanating from the group outside, Casper apparently changed his mind and attempted to close the door. One of the group from outside then seized Casper and several of them entered the apartment. Casper fell over a table onto a couch. Two of the persons held onto him by his hair and his arms while a third person struck him with fists and with a chain. Upon their later arrival, police officers observed marks on Casper's legs, arms, wrist and head. The melee lasted about two minutes and the persons from the group outside left. Defendant was identified as the person doing the striking of Casper.

At the close of the State's evidence, the trial court, after first indicating his disagreement and disapproval of our opinion in *People v.*

*Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489, directed a verdict for the defendant on home invasion for failure by the State to allege "without authority" in the indictment.

On appeal defendant contends that he was not proved guilty beyond a reasonable doubt of unlawful restraint and that the imposition of an extended term was improper because the trial court considered a factor in aggravation which was not extablished by the evidence. By reason of our disposition of the first issue, we need not consider the sentencing matter.

By indicting for both home invasion, a Class X felony, and unlawful restraint, a Class 4 felony, both growing out of a series of closely related acts, it may be inferred that the State was treating unlawful restraint as an included offense and as a fall-back position in the event of the collapse of the home invasion charge in order to obtain a felony conviction. Defendant admits in his brief that he was guilty of battery, a Class A misdemeanor. We believe that the theory arises from too liberal a reading of our opinion in *People v. Satterthwaite* (1979), 72 Ill. App. 3d 483, 391 N.E.2d 162.

In *Satterthwaite* we indicated that the gist of unlawful restraint was the detention of a person by some conduct which prevents him from moving from one place to another. The essential requirement of that "conduct" is that it be directly related to the detention and be the cause of the detention. If the detention arises as a result of some other and differently motivated criminal conduct, it is then only derivative and circumstantially related.

Nearly every offense against the person necessarily involves a degree of restraint; for example, a rape precludes mobility; and to take an extreme example, a homicide precludes mobility—a corpse cannot move from one place to another. In the same fashion, certain offenses against property involve restraint; a robber may well hold his victim at bay for a period of time. However, the overriding intent and motivation of the offender is something other than detention. In *Satterthwaite* some further intent might be gleaned from the defendant's conduct and conversation, but his overt moves were only to detain the victim.

The statute (Ill. Rev. Stat. 1979, ch. 38, par. 10—3) requires that the detention be done "knowingly"; the home invasion statute (Ill. Rev. Stat. 1979, ch. 38, par. 12—11) requires that the entry into a dwelling be done "knowingly"; the *scienter* requirement is quite different in the two offenses. Therefore, unlawful restraint cannot be an included offense of home invasion.

In the instant case the restraint was only incidental to the battery

upon Casper; the apparent intent of the defendant and those accompanying him was to enter the dwelling and to commit a battery (or worse). It is also apparent that persons other than defendant were restraining Casper. If defendant were guilty at all, it must be on an accountability basis, but no such instruction was given to the jury.

■ Upon a proper set of facts, unlawful restraint is subject to prosecution along with other offenses. See *People v. Velillari* (1980), 84 Ill. App. 3d 333, 405 N.E.2d 466, where it was combined with armed robbery, aggravated battery and robbery. In that case the intruders bound and gagged members of the household while they searched for a safe. The restraint was independent of the other offenses and punishable as such.

■ Defendant's conviction was not established beyond a reasonable doubt and it is therefore reversed. Since the conviction stands for naught, we need not consider the sentencing issue.

Reversed.

MILLS and LONDRIGAN, JJ. concur.