THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD KITTLE, Defendant-Appellant.

Second District   No. 2—84—0870

Opinion filed February 11, 1986.

G. Joseph Weller, Kyle Wesendorf, and Michael F. Braun, all of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Dale M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

On May 1, 1984, the defendant, Richard Kittle, was named in a four-count indictment charging him with the offenses of unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3), kidnaping by use or threat of use of force (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(2)), kidnaping by deceit or enticement (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(3)), and intimidation (Ill. Rev. Stat. 1983, ch. 38, par. 12—6). After a jury trial on May 8 and 9, 1984, in the circuit court of Kane County, he was found guilty of unlawful restraint, kidnaping by deceit or enticement and intimidation. He was found not guilty of kidnaping by use or threat of use of force. He was sentenced concurrently to three, five, and three years' imprisonment.

The defendant raises three issues on appeal: (1) that the defendant's conduct in giving the victim directions and grabbing her when she attempted to exit the vehicle did not constitute kidnaping, and the court erred in not directing a verdict in his favor on that charge; (2) that unlawful restraint is a lesser included offense of kidnaping, and in light of the fact that defendant's conduct was a single transaction,

the conviction for that charge should have been vacated; and (3) that the State failed to prove the element of specific intent in intimidation beyond a reasonable doubt. We affirm the kidnaping by deceit or enticement and intimidation convictions, and vacate the conviction for unlawful restraint.

At or about 8:30 a.m. on February 24, 1984, the complaining witness stopped at a restaurant to get a cup of coffee. Upon departing her car, the defendant, a stranger who was walking by, greeted her and she returned the greeting. She entered the restaurant and purchased a cup of coffee to go. Upon reentering her car she saw defendant Kittle in the front passenger seat, leaning over tying his shoe. The complaining witness, though not nervous nor scared, thought this conduct was strange and asked Kittle if he wanted a ride. He indicated he did. Defendant asked if she was going "up" Route 56, however, she said no she was going on Route 25 but would drop him off on her way to the east side of Aurora. Upon leaving the restaurant the complainant drove east on Route 56 into North Aurora. She turned south on route 25 until defendant asked her to go east on Mettle Road and then right on Mitchell Street. He then asked her to drive down a little lane and to turn into the first driveway. However, instead of getting out of the car he asked her to turn around again. At this point, the complaining witness testified she began to get worried. She turned the car around and drove about a block when defendant reached over and pulled on the steering wheel causing the car to go off the road. The complainant dropped the cup of coffee she was holding and attempted to leave the car, whereupon the defendant grabbed her around the neck and the waist. The complaining witness screamed and honked her horn, and defendant told her to be quiet or he would hurt her and kill her. In an effort to "calm him down" she told the defendant, "Let's go back to my house and [sic] can have some privacy." The defendant said nothing. He released her and returned to the passenger's seat. She resumed driving and the defendant said, "You're going to get me in trouble." The complaining witness continued down the lane and turned back on Mitchell Street and then turned into a subdivision. In the subdivision she pulled the car into a driveway, jumped out of the car and ran to the door of a house and commenced banging on it. The defendant got out of the car and ran down the street.

A man answered the door and the complaining witness told him that the defendant had attempted to rape her. Shortly thereafter, the police apprehended the defendant at the Aurora toll plaza on the East-West tollway.

■ The defendant first contends that his conduct in the present case did not rise to the level required to constitute kidnaping. Section 10—1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(3)) states:

"(a) Kidnaping occurs when a person knowingly;

\* \* \*

(3) By deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will."

The defendant relies on *People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117, to establish that the conduct involved herein did not rise to the level required to constitute kidnaping. The *Smith* court considered four factors when it reversed defendant's conviction for aggravated kidnaping and reinstated the conviction for unlawful restraint and robbery. Those factors were: (1) duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. *People v. Smith* (1980), 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117, citing *Government of the Virgin Islands v. Berry* (3d Cir. 1979), 604 F.2d 221.

*People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117, differs from the present case in that the detention and asportation were incidental to the commission of a separate felony. The *Smith* court found that the gist of the case was robbery, and it applied the four factors listed above and concluded that the aggravated kidnaping conviction should be reversed and the charge of unlawful restraint would be an acceptable alternative. 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117.

The Illinois Supreme Court in *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, saw the rationale behind the *Levy-Lombardi* rule (*People v. Levy* (1965), 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842; *People v. Lombardi* (1967), 20 N.Y.2d 266, 282 N.Y.S. 519, 229 N.E.2d 206), upon which the *Smith* court relied, as being the prevention of elevation of lesser crimes into the more serious crime of kidnaping. (*People v. Canale* (1972), 52 Ill. 2d 107, 118, 285 N.E.2d 133.) We believe it would be erroneous to apply the same four factors of *Smith* to the present case. It would be misapplication of the *Smith* rationale, since no other separate felony was committed, and it is not known whether any other crime was contemplated. It should be noted that three of the four *Smith* factors involve reference to a separate

offense. We, therefore, conclude the defendant's argument that *Smith* limited its analysis to the question of what constituted simple kidnaping to be without merit. Also, the fact that the defendant might view kidnaping (Class 2 felony) as an enhancement of unlawful restraint (Class 4 felony) would not justify the application of the *Smith* factors. The court in *Government of the Virgin Islands v. Berry* (3d Cir. 1979), 604 F.2d 221, also relied upon by *Smith,* stated that the inherent inequity that it was attempting to correct was that which occurred when prosecutions for kidnaping were allowed of those who in reality committed lesser or different offenses, of which the temporary seizure or detention played an incidental part. Under this theory, the duration of the detention or asportation would be relevant. This is not what occurred in the present case, however.

■ To support a finding of guilt for kidnaping under section 10—1(a)(3) (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(3)), it must first be proved that by deceit or enticement one has induced another to go from one place to another. In the present case, the complainant testified that she was deceived into believing that the defendant needed a ride and that this was the reason she transported him according to his direction. Secondly, the defendant must have intended to secretly confine the complainant against her will. The evidence that the defendant physically prevented the complaining witness from exiting her car when she attempted to do so and allowed her to continue driving under the belief that she was taking him to a place where they could be alone would support a finding that defendant intended to secretly confine the complainant against her will. The courts have held that one can be secretly confined in an automobile within the meaning of the statute whether the automobile is moving or parked. *People v. Bishop* (1953), 1 Ill. 2d 60, 114 N.E.2d 566; *People v. Hamil* (1974), 20 Ill. App. 3d 901, 314 N.E.2d 251.

Defendant next contends if we affirm the kidnaping conviction we should vacate his conviction for unlawful restraint because it is a lesser included offense of kidnaping or part of the same act. The State contends that the kidnaping and unlawful restraint were separate acts, the kidnaping occurring by deceit and the unlawful restraint occurring by force, and, further, that unlawful restraint is not a lesser included offense of kidnaping by deceit or enticement. It is the State's position that the crime of kidnaping by deceit ended when the deceit ended, namely, when defendant grabbed the steering wheel, and that the act of grabbing and holding complainant to prevent her exit from the car was totally separate and apart from the kidnaping.

■ A person commits the offense of unlawful restraint when he

knowingly, without legal authority, restrains another. (Ill. Rev. Stat. 1983, ch. 38, par. 10—3(a).) The gist of unlawful restraint is the detention of a person by some conduct which prevents him from moving from one place to another. (*People v. Kuykendall* (1982), 108 Ill. App. 3d 708, 439 N.E.2d 521; *People v. Satterthwaite* (1979), 72 Ill. App. 3d 483, 391 N.E.2d 162.) Physical force is not a necessary element of unlawful restraint. (*People v. Warner* (1981), 98 Ill. App. 3d 433, 436, 424 N.E.2d 747.) The State argues that the intent to detain was separate and apart from the intent to secretly confine and was supported by different acts of the defendant. The Committee Comments to section 10—3(a) treat the offense of unlawful restraint as being synonymous with confinement or detention without lawful authority. (Ill. Ann. Stat., ch. 38, par. 10—3, Committee Comments, at 586-87 (Smith-Hurd 1979).) It has been held that there appears to be no basis upon which to distinguish between the word "detain" in the unlawful restraint statute and the word "confine" in the kidnaping statute. (*People v. Tate* (1981), 94 Ill. App. 3d 192, 418 N.E.2d 1048.) The State attempts to distinguish the two offenses on the basis of separate acts, each with a different intent. We find, however, the reasoning of the court in *People v. Hopkins* (1982), 107 Ill. App. 3d 422, 437 N.E.2d 722, in response to a similar argument to be persuasive. There, the court found that the criminal transaction in question could not be so easily compartmentalized, and the acts constituting each offense were not clearly divisible.

■ In the indictment in the present case the defendant was charged with kidnaping (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(3)) in that he knowingly and by deceit or enticement induced the complainant to go from one place to another with the intent to secretly confine her against her will. He was also charged with unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3) in that he knowingly and without legal authority detained the complainant. A test approved by the supreme court for determining if a particular offense is an includable offense of another is to examine the greater charge as it is alleged in the indictment or the charging document. (*People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633; *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189; *People v. Pettit* (1983), 114 Ill. App. 3d 876, 882-84, 449 N.E.2d 1044, *aff'd* (1984), 101 Ill. 2d 309, 461 N.E.2d 991.) We are of the opinion that in the instant case this test has been met. All of the elements of unlawful restraint are included within the kidnaping charge. See also *People v. Wisslead* (1985), 108 Ill. 2d 389, 399-401, 484 N.E.2d 1081, wherein it was stated at page 399, "this court held that the presence of a gun cannot enhance unlawful re-

straint to armed violence because unlawful restraint is a lesser included offense of kidnaping."

The State argues that the deceit ended and the unlawful restraint began when the defendant "restrained" the complainant. The defendant correctly contends that the intent to secretly confine was only manifested by the overt act of grabbing the complainant. We believe the evidence indicates that the complaining witness was in the defendant's continuous control, despite the fact that she was deceived prior to defendant's overt act. Both the confinement and the detainment were derived from this control. (*People v. Tate* (1981), 94 Ill. App. 3d 192, 200, 418 N.E.2d 1048.) As we conclude that unlawful restraint was a lesser included offense of kidnaping and that both the confinement and the detainment were closely related acts, under *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the conviction for unlawful restraint should be vacated. See *People v. Dixon* (1982), 91 Ill. 2d 346, 355, 438 N.E.2d 180.

Lastly, the defendant contends that he was not proved guilty of the offense of intimidation because the State failed to prove the necessary specific intent element of that charge. Section 12—6(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—6(a)(1)) provides that a person commits intimidation when, with the intent to cause another to perform or to omit the performance of any act, he communicates to another a threat to inflict physical harm. In the present case the defendant was charged with communicating to the victim a threat to inflict physical harm with the intent to cause her to drive herself and defendant from one place to another. It is the defendant's contention that the State failed to prove his threat to the victim to be quiet induced her to drive anywhere, and that any driving at that point was her own voluntary act. Further, he claims that his threat was given subsequent to the driving instructions and that after the threat he did not give any further directional instructions.

■■ The purpose of the intimidation statute is to prohibit the making of specified threats intended to compel a person to act against his will. The gravamen of the offense is the improper influence on another. (*People v. Downey* (1983), 120 Ill. App. 3d 456, 459, 458 N.E.2d 160; *People v. Hubble* (1980), 81 Ill. App. 3d 560, 562-63, 401 N.E.2d 1282.) The record reveals that after the defendant threatened the victim, she stopped screaming and honking her horn. She testified that in an effort to calm the defendant down she suggested they go back to her house for some privacy, at which point the defendant released her and she continued to drive. It is apparent that the victim was improperly influenced out of fear of impending harm to herself to con-

tinue doing what the defendant desired, namely driving, even though she had an accompanying motive to seek a means of escape. Further, although it was complainant's suggestion to drive back to her apartment, it could not be said that her continuing to drive was a voluntary act. Consequently, we are of the opinion that the evidence supported the jury's verdict and that the State proved the specific element of intimidation beyond a reasonable doubt.

For the reasons stated, the defendant's convictions of kidnaping and intimidation in the circuit court of Kane County are affirmed; the defendant's conviction for unlawful restraint is vacated.

Affirmed in part; vacated in part.

REINHARD and UNVERZAGT, JJ., concur.