THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN HAYBRON, Defendant-Appellant.

Third District   No. 3—86—0434

Opinion filed March 27, 1987.

Catherine E. Churm, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, John Haybron, appeals from his conviction for home invasion, armed robbery, unlawful restraint, and intimidation. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—11(a), 18—2(a), 10—3(a), 12—6(a), respectively.) We affirm in part and reverse in part.

At approximately 2 a.m., the 80-year-old victim was woken by the sound of glass. She rose from her bedroom and found her dining-room window broken. Thereafter, she returned to her bedroom to activate the police alarm button which was beside the light switch there.

When she arrived at the bedroom, she was confronted by a man who held a gun and told her not to move. At first she did not move; but briefly thereafter she tried to reach up towards the light and the alarm switches. The gunman pushed her to the floor, but she got up and managed to turn on the light. A split second thereafter, the gunman grabbed her arm and yelled, "Turn that off." Before she and the gunman together turned off the light, she noticed a second man shaking her chest of drawers. In turning off the light, the victim also activated the alarm, which sounded both for the police and in the house. In the confusion caused by the alarm, she ran from the house. The defendant and his codefendant were soon apprehended near the house.

The defendant and codefendant were tried together. The jury re-

turned guilty verdicts on home invasion, armed robbery, unlawful restraint, intimidation, and aggravated battery. The court imposed on the defendant concurrent, 40-year extended-term sentences for home invasion and armed robbery. It also imposed a five-year sentence for unlawful restraint and an eight-year sentence for intimidation. It vacated the aggravated battery as a lesser included offense of home invasion. The defendant brought the instant appeal.

■■ The first argument raised on appeal is whether the defendant was proved guilty beyond a reasonable doubt of unlawful restraint. We agree with the defendant that he was not, and we reverse that conviction.

A person commits unlawful restraint when he knowingly and without authority detains another. (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a).) To commit unlawful restraint, the defendant must detain his victim with an overriding intent and motivation to detain. See *People v. Kuykendall* (1982), 108 Ill. App. 3d 708, 710, 439 N.E.2d 521.

We find insufficient proof of unlawful restraint. While the gunman instructed the victim not to move and grabbed her hand to turn out the light, that conduct was merely derivative of and circumstantially related to the armed robbery and home invasion. The record shows no separable detention of the victim.

■ The defendant's second argument on appeal is that he was not proved guilty beyond a reasonable doubt of intimidation. Again, we agree and reverse the conviction.

The defendant was charged by information with committing intimidation in that, with the intent to cause the victim not to call a police officer, he communicated to her a threat to unlawfully harm her. The defendant asserts that the State was required but failed to prove that there was a threat communicated to the victim with the specific intent of causing her to omit calling the police. The State argues initially that the type of act which the defendant intended to cause or preclude was not an element of the offense and did not require proof. According to the State, the portion of the information specifying the act may be stricken. Further, according to the State, it was sufficient to prove that the defendant used the threat of force to prevent the victim from performing any act. Alternatively, the State argues that the defendant's intent to prevent the victim from calling the police was established by the facts and circumstances surrounding the offense.

■ Intimidation is a specific intent crime. (Ill. Rev. Stat. 1985, ch. 38, par. 12—6(a); *People v. Randle* (1976), 38 Ill. App. 3d 720, 721, 348 N.E.2d 488.) We disagree with the State's contention that it was

not required to prove, as the information charged, that the defendant communicated a threat with the intent to prevent the victim from calling the police. (See *People v. Fry* (1963), 29 Ill. 2d 455, 194 N.E.2d 267.) Further, we reject the State's alternative argument. The State correctly notes both that the gunman was in a position to see the alarm button located beside the bedroom light switch and that the defendant admitted knowledge that the victim's house was "wired." However, we find no proof beyond a reasonable doubt of the information's material allegation that the defendant intended to cause the victim not to call the police.

The defendant's remaining arguments on appeal concern his sentencing. Initially, we find that his argument that the court erred in imposing extended-term sentences for unlawful restraint and intimidation is moot, given our reversal of those convictions. Next, we find no waiver of the defendant's correct argument that the court erroneously considered in aggravation that the defendant received compensation for his offenses. (See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) Lastly, despite the court's improper consideration of compensation in aggravation, our reversal of two of the convictions, and the codefendant's lesser sentences, we find no need to remand the cause for resentencing.

In the instant offense, the defendant took part in an incident in which the elderly victim was both bruised and "scared to death." Additional injury was threatened and there was damage to her property. The kernel of the instant criminal conduct was the codefendants' armed, forcible entrance to the victim's house and use of a rifle to rob the victim of her possessions.

The defendant was sentenced separately on each of his convictions, and there is no indication that the court considered the vacated convictions for unlawful restraint and intimidation in imposing the sentences for the remaining, more serious offenses of home invasion and armed robbery. (See *People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44.) Furthermore, it is clear from the record that the court gave no weight to the improper factor of compensation in imposing the sentences. (See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) The only evidence of compensation was the defendant's possession of the victim's key ring and tie clasp, insignificant considering the other criminal conduct in question.

Lastly, we find no abuse of discretion in the defendant's concurrent 40-year sentences. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Because their offenses were committed against a victim aged more than 60 years, the defendant and his codefendant

each qualified for an extended-term sentence of between 30 and 60 years for each Class X felony of home invasion and armed robbery. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3.2(b)(3)(ii), 1005—8—2(a)(2).) While the codefendant received sentences of only 20 years for those two offenses, there was sufficient evidence to support the sentence differential. The codefendant was more cooperative with the authorities, and the two men had significantly different criminal histories. Before the instant offenses, the defendant had a record of auto theft, rape, assault and battery, and robbery. Furthermore, he was on parole at the time of the instant offense. In comparison, the codefendant was not on parole and had only one prior conviction. The codefendant's one conviction was for the involuntary manslaughter of his older brother under mitigating circumstances.

Based on the foregoing, we reverse the defendant's convictions for unlawful restraint and intimidation. We otherwise affirm the decision of the circuit court of Will County.

Affirmed in part and reversed in part.

BARRY, P.J., and HEIPLE, J., concur.