2021 IL App (2d) 190995-U
No. 2-19-0995
Order filed January 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-432 |
| RYON LUMPKINS, | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's convictions of unlawful restraint and kidnapping violated the one-act, one-crime doctrine because (1) the offenses arose from a single act of defendant maintaining continuous control over the victim while confining her in two different places; and (2) even if the offenses arose from multiple acts, multiple convictions were still improper because unlawful restraint is a lesser-included offense of kidnapping. Therefore, defendant's conviction of unlawful restraint would be vacated.

¶ 2    Defendant, Ryon Lumpkins, was convicted of kidnapping (720 ILCS 5/10-1(a)(1) (West 2018)) and unlawful restraint (*id.* § 10-3(a)). He asks us to vacate the unlawful restraint conviction

under the one-act, one-crime doctrine because it is a lesser included offense of kidnapping. We agree and vacate the unlawful restraint conviction.

¶ 3                                    I. BACKGROUND

¶ 4     In April 2018, defendant was indicted on multiple counts, including kidnapping and unlawful restraint, in connection with an incident in which he accosted the victim, A.M., in an apartment building laundry room, dragged her down a hall to an apartment, and attempted to sexually assault her.

¶ 5     In June 2019, a bench trial was held. The evidence consisted of testimony from A.M., occurrence witnesses, and investigating officers, as well as video footage from a camera system in the apartment building. The evidence showed that, on February 26, 2018, A.M. was doing laundry in the laundry room of her apartment building when a man (later identified as defendant) who smelled of alcohol and smoke approached her in the hallway and asked if she wanted to make money doing his laundry. When A.M. declined, defendant asked her if she wanted to make one thousand dollars by performing oral sex. A.M asked defendant if he was crazy, and defendant stared at her while she did her laundry. Defendant then told A.M. that he was going to "take it" from her. Defendant pushed a table into the laundry room, causing the door to close and lock. He reached into the back of his pocket, acting as if he had a knife, and said that he was going to "shank" her. Defendant then told A.M. to follow him, put her in a headlock, and walked her to an apartment where he had been staying. A.M. knew it as an apartment belonging to a woman named Sheila. A.M. did not know defendant. Defendant tried to stick his finger in A.M.'s mouth, and she bit it and tried to push away, but defendant pushed her into the apartment.

¶ 6     In the apartment, defendant dragged A.M. by her hair to the bathroom and choked her. He attempted to take off her shirt, and he hit her with a container of toothpaste. He then attempted to

force her to her knees to perform oral sex, took out a glass crack pipe and tapped it against the porcelain sink, and struck A.M. with his fist four times on the side of her forehead. A.M. surmised that defendant was trying to break the crack pipe and then cut her with it. When A.M. screamed loudly, defendant became startled and backed off. A.M. opened the locked apartment door and ran down the hallway to her apartment, where her husband heard her screaming and opened the door. The police were called, and defendant was eventually arrested.

¶ 7    The trial court found defendant guilty on all five counts charged, including two counts of kidnapping (counts II and III) and one count of unlawful restraint (count V). Count II charged defendant under section 10-1(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/10-1(a)(1) (West 2018)) with knowingly and secretly confining A.M. against her will. Count III charged defendant under section 10-1(a)(2) of the Code (*id.* § 10-1(a)(2)) with knowingly using force or a threat of imminent force to carry A.M. from one place to another with the intent to secretly confine her against her will. The court merged count III into count II. The court sentenced defendant on counts I and II to concurrent terms of 5 1/2 years' incarceration and on counts IV and V to concurrent terms of three years' incarceration. The sentences on counts I and II were concurrent with the sentences on counts IV and V. The court did not merge count II with count V, and it was not asked to do so. Defendant's motion to reconsider sentence also alleged no error in that respect, and it was denied. Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9    Defendant contends that the trial court erred by not merging the unlawful restraint conviction into the kidnapping conviction under the one-act, one-crime doctrine, based on unlawful restraint being a lesser included offense of kidnapping.

¶ 10    Defendant concedes that he failed to raise the issue in the trial court but argues that the plain-error doctrine applies. The doctrine allows a reviewing court to consider an unpreserved error when either: (1) an error occurs and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, or (2) an error occurs that is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). It is well settled that a violation of the one-act, one-crime doctrine rises to the level of plain error because the error affects the substantial rights of the accused and the integrity of the judicial process. *People v. Artis*, 232 Ill. 2d 156, 167-68 (2009); *People v. Harvey*, 211 Ill. 2d 368, 389 (2004). Accordingly, we review the matter for plain error.

¶ 11    "[W]hen the State charges a defendant with multiple offenses that arise 'from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses,' multiple convictions and sentences can be entered." *People v. Reveles-Cordova*, 2020 IL 124797, ¶ 12 (quoting *People v. King*, 66 Ill. 2d 551, 566 (1977)). "This has come to be known as the one-act, one-crime doctrine." *Id.* "The one-act, one-crime doctrine requires a two-step analysis." *Id.* First, the court considers whether the defendant's conduct involved multiple acts or a single act. "Multiple convictions are improper if they are based on precisely the same physical act." *Id.* Second, if the conduct involved multiple acts, the court determines whether one offense is a lesser included offense of another. If an offense is a lesser included offense, multiple convictions are improper. *Id.*

¶ 12    The kidnapping conviction that remained after the merger was the conviction under count II, which charged defendant with knowingly and secretly confining A.M. against her will, in violation of section 10-1(a)(1) of the Code (see 720 ILCS 5/10-1(a)(1) (West 2018)). Defendant

was also convicted of unlawful restraint under count V, which charged defendant with knowingly without legal authority detaining A.M. in violation of section 10-3(a) of the Code (see *id.* § 10-3(a)).

¶ 13    Under the first step of the test, we hold that the conduct underlying the kidnapping and unlawful restraint convictions was part of a single act. In *People v. Kittle*, 140 Ill. App. 3d 951 (1986), we noted that "[t]he Committee Comments to section 10-3(a) [of the Code] treat the offense of unlawful restraint as being synonymous with confinement or detention without lawful authority." *Id.* at 956 (citing Ill. Ann. Stat., ch. 38, ¶ 10-3, Committee Comments, at 586-87 (Smith-Hurd 1979)). Thus, "there appears to be no basis upon which to distinguish between the word 'detain' in the unlawful restraint statute and the word 'confine' in the kidnaping statute." *Id.* We held that the evidence in that case established that the victim was in the defendant's continuous control, and both the confinement and the detainment were derived from that control. *Id.* at 956-57. The criminal transaction could not be easily compartmentalized, and the acts constituting each offense were not clearly divisible. *Id.* at 956. Indeed, citing to *Kittle*, our supreme court has likened kidnapping to an ongoing offense. See *People v. Turner*, 128 Ill. 2d 540, 577 (1989) (finding an ongoing offense and rejecting the State's argument that a kidnapping started when the victim was placed in a car and ended when the kidnappers exited the car leaving her inside, and that a separate unlawful restraint occurred when the victim was then removed from the car and taken to a cornfield).

¶ 14    The offenses here occurred in the course of the same physical act in which A.M. was under defendant's continuous control. He confronted her in the laundry room and confined her there before forcibly bringing her to the apartment and there further confining her. See *People v. Banks*, 344 Ill. App. 3d 590, 596 (2003) ("Since the detainment and confinement of the victim are derived

from defendant's grabbing him and dragging him down the alley, the aggravated kidnapping and unlawful restraint were carved from the same physical act."); *People v. Tate*, 94 Ill. App. 3d 192, 200 (1981) ("Since the detainment and confinement of the girl are derived from defendant's continuous control over her, the aggravated kidnapping and unlawful restraint were carved from the same physical act.").

¶ 15    The State contends, however, that entirely separate crimes occurred, with unlawful restraint in the laundry room and kidnappings in the hallway and the apartment. It argues that the restraint in the laundry room did not include the "secret confinement" alleged in count II, thus making the act of kidnapping incomplete in the laundry room. However, even if the confinement in the laundry room was not a "secret confinement," defendant's conduct was nonetheless unified by the continuous control he exerted over A.M. He detained her beginning in the laundry room, and that detainment was ongoing throughout the incident, culminating in his confinement of her in the apartment.

¶ 16    Even if the offenses were based on multiple acts, multiple convictions were still improper because unlawful restraint is a lesser included offense of kidnapping. To determine whether one offense is a lesser included offense of another, we apply the " 'abstract elements' " approach. *Reveles-Cordova*, 2020 IL 124797, ¶ 13. "This approach requires the court to examine the statutory elements of the two offenses." *Id.* " 'If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second.' " *Id.* (quoting *People v. Miller*, 238 Ill. 2d 161, 166 (2010)). This is the strictest approach, as it is formulaic and rigid, and it considers only theoretical or practical impossibility. *Id.* "In other words, it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Id.*

¶ 17    Previously, there was a split of authority among appellate districts as to whether, under the abstract elements approach, the court is to consider only the specific statutory subsection under which the defendant is charged and convicted or instead must consider the entire statutory provision governing the offense. *Id.* ¶¶ 15-16. However, in *Reveles-Cordova*, the supreme court clarified that courts are to consider only the subsection under which the defendant is charged and convicted. *Id.* ¶¶ 20-21 (overruling *People v. Bouchee*, 2011 IL App (2d) 090542, and *People v. Fuller*, 2013 IL App (3d) 110391)). Whether a violation of the one-act, one-crime doctrine has occurred is a question of law, which we review *de novo*. *People v. Coats*, 2018 IL 121926, ¶ 12.

¶ 18    Here, defendant was convicted of kidnapping by secretly confining A.M. against her will. In committing that act, he also committed unlawful restraint by knowingly and without legal authority detaining A.M. See *Kittle*, 140 Ill. App. 3d at 656 ("confine" for purposes of the kidnapping statute is synonymous with "detain" for purposes of the unlawful restraint statute). Thus, the unlawful restraint conviction was a lesser included offense of the kidnapping conviction. Notably, we have previously held that unlawful restraint is a lesser included offense of kidnapping. See *Kittle*, 140 Ill. App. 3d at 656-57; see also *People v. Hopkins*, 107 Ill. App. 3d 422, 432 (1982) (unlawful restraint is a lesser included offense of aggravated kidnapping because all the elements of unlawful restraint are included within aggravated kidnapping).

¶ 19    We hold that defendant's convictions for kidnapping and unlawful restraint violate the one-act, one-crime doctrine because (1) the convictions were based on the same physical act and (2) unlawful restraint is a lesser included offense of kidnapping. Thus, the conviction of unlawful restraint must be vacated.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we vacate defendant's unlawful restraint conviction under the one-act, one-crime doctrine. All other convictions are affirmed.

¶ 22    Affirmed in part and vacated in part.